1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711     JENNER&BLOCK LLP

March 14, 2023

<u>VIA ECF</u>

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Havlish et al. v. Bin Laden et al.*, No. 23-258
         <u>Designation of Federal Reserve Bank of New York ("FRBNY") as Garnishee-Appellee</u>

Dear Ms. Wolfe:

    On behalf of Plaintiffs-Appellants Fiona Havlish, *et al.* (the "Havlish Creditors"), we submit this letter in response to Garnishee-Appellee Federal Reserve Bank of New York's March 14, 2023 Acknowledgment and Notice of Appearance, Doc. 33. In that filing, the FRBNY took the position that it had been incorrectly designated as the appellee in this case and requested that the caption be amended to state that the FRBNY is a non-party.

    The FRBNY is incorrect. As the garnishee, the FRBNY is the appropriate appellee.

    The Havlish Creditors are family members and estates of victims of the September 11, 2001 terrorist attacks who hold money judgments against the Taliban, a designated terrorist organization. This appeal arises from the denial of the Havlish Creditors' motion for an order requiring the FRBNY to turn over assets that it holds in its possession on behalf of Da Afghanistan Bank, an agency or instrumentality of the Taliban. *See* Terrorism Risk Insurance Act of 2002, § 201, Pub. L. No. 107–297, 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note).

    "A motion to enforce a money judgment is governed by [FRCP] 69(a), which provides that 'proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located.' In New York, C.P.L.R. article 52 governs the enforcement and collection of money judgments. Section 5225(b) enables a judgment creditor to commence a 'special proceeding' against a third party who 'is in possession or custody of money or other personal property' in which the judgment debtor has an interest." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018). In federal court, a judgment creditor may seek relief from a third-party garnishee by motion under Rule 69(a) instead of instituting a separate special proceeding. *Id.*

    That is precisely what the Havlish Creditors did in the district court. They filed a Rule 69(a) motion, pursuant to *CSX*, seeking relief against the FRBNY as a third-party garnishee.[1] The

---

[1] Had the Havlish Creditors instead instituted a separate special turnover proceeding, as was their right, their turnover complaint would have been filed against the FRBNY directly. *See, e.g.*, Complaint Pursuant to N.Y. C.P.L.R. § 5225, *Levin v. Bank of New York et al.*, No. 09-cv-5900 (S.D.N.Y. June 26, 2009), ECF

Page 2

FRBNY was the party from whom the Havlish Creditors were seeking relief, and it was the target of the Havlish Creditors' turnover motion at every turn—including in its very title. *See, e.g.*, Memorandum of Law in Support of the Havlish Creditors' Motion for Partial Turnover of Assets from Garnishee Federal Reserve Bank of New York, *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (S.D.N.Y. Mar. 20, 2022), ECF No. 7764 at 1 (captioned FIONA HAVLISH, individually and on behalf of the ESTATE OF DONALD G. HAVLISH, JR., Deceased, *et al.,* Creditors, v. THE TALIBAN, *et al.,* Debtors, FEDERAL RESERVE BANK OF NEW YORK, Garnishee).

      This Court has routinely designated turnover garnishees as appellees in appeals such as this. *E.g.*, *N. Mariana Islands v. Canadian Imperial Bank of Com.*, 717 F.3d 266 (2d Cir. 2013) (turnover garnishee Canadian Imperial Bank of Commerce designated "Garnishee-Appellee"); *Hausler v. JP Morgan Chase Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014) (five turnover garnishee banks designated "Defendants–Garnishees–Third–Party Plaintiffs–Appellees"); *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014) (seven turnover garnishee banks designated "Consolidated-Defendants-Appellees"); *see also Hegna v. 650 Fifth Ave. Co.*, 673 F. App'x 54 (2d Cir. 2016) (turnover garnishee Assa Corp. designated "Garnishee-Appellee"). Other courts of appeals have done the same. *E.g.*, *Heiser v. Islamic Republic of Iran*, 735 F.3d 934 (D.C. Cir. 2013) (Wells Fargo designated appellee in attachment proceeding by judgment creditors). There is thus ample precedent for the designation of the FRBNY as the Garnishee-Appellee.

      Finally, the FRBNY's citation to *In re Approximately $3.5 Billion*, No. 22-965 (cited by the FRBNY as *Wodenshek v. Da Afghanistan Bank*), in which this Court denied the appellants' motion to designate the FRBNY as an appellee, is inapposite. The appeal in that case was taken from the district court's dismissal of a putative class action in which the appellants—parties without judgments against the Taliban—sought to proceed *in rem* against the DAB assets themselves. Unlike this case, the plaintiffs-appellants in *In re Approximately $3.5 Billion* did not file a motion to enforce a money judgment against the FRBNY as a third-party garnishee—indeed, they have no judgment to enforce. Accordingly, they could cite no precedent for treating the FRBNY as an appellee. *See* No. 22-965, Doc. 37 at ¶ 36. By contrast, it is well-established that the garnishee and subject of a Section 5225 turnover motion, as the FRBNY is in this case, is a proper appellee.

      As a result, we respectfully ask that the Court deny the FRBNY's request to amend the caption and re-designate itself as a non-party.

---

No. 70 (turnover complaint naming four garnishee banks as defendants). The Havlish Creditors instead elected to file a Rule 69(a) motion pursuant to *CSX* for the convenience of the parties and the district court.

Page 3

Respectfully submitted,

/s/ Lee Wolosky
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Ian Heath Gershengorn
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com

Douglass A. Mitchell
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*


cc: All counsel of record (by ECF)