UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-258, 23-263, 23-304, 23-346

**Caption [use short title]**

**Motion for:** designation of the Federal Reserve Bank of New York as Appellee.

Set forth below precise, complete statement of relief sought:

Pursuant to the Clerk of Court's instructions, appellants in the 9/11 MDL appeals (Havlish, Doe, Smith, and Federal Insurance) move to confirm the designation of the Federal Reserve Bank of New York as the appellee in each case.

Havlish v. Bin Laden (and related cases)

**MOVING PARTY:** Havlish Creditors  **OPPOSING PARTY:** Federal Reserve Bank of New York

☑ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Lee Wolosky  **OPPOSING ATTORNEY:** Michele Kalstein

[name of attorney, with firm, address, phone number and e-mail]

Jenner & Block LLP, 1155 6th Ave., New York NY 10036    Federal Reserve Bank of New York

212-891-1628    33 Liberty Street, New York, NY 10045

LWolosky@jenner.com    michele.kalstein@ny.frb.org; 212-720-5056

Court-Judge/Agency appealed from: SDNY - Daniels

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency: _____

**Signature of Moving Attorney:**

/s/ Lee Wolosky    **Date:** 03-31-2023    Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| FIONA HAVLISH, *et al.*, <br><br>　　Plaintiffs-Appellants, <br><br>v. <br><br>FEDERAL RESERVE BANK OF NEW YORK, <br><br>　　Garnishee-Appellee, <br><br>SHEIKH USAMA BIN-LADEN, *et al.*, <br><br>　　Defendants. | On Appeal from the United States District Court for the Southern District of New York (Daniels, J.) <br><br> No. 23-258 |
| JOHN DOES 1 THROUGH 7, <br><br>　　Plaintiffs-Appellants, <br><br>v. <br><br>FEDERAL RESERVE BANK OF NEW YORK, <br><br>　　Garnishee-Appellee, <br><br>THE TALIBAN, *et al.*, <br><br>　　Defendants. | No. 23-263 |
| FEDERAL INSURANCE CO., *et al.*, <br><br>　　Plaintiffs-Appellants, <br><br>v. <br><br>AL QAIDA, *et al.*, <br><br>　　Defendants. | No. 23-346 |

1

| | |
|---|---|
| RAYMOND ANTHONY SMITH, *et al.*,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>ISLAMIC EMIRATE OF AFGHANISTAN, *et al.*,<br><br>    Defendants-Appellees. | No. 23-304 |

## MOTION TO DESIGNATE THE FEDERAL RESERVE BANK OF NEW YORK AS APPELLEE

Pursuant to Rule 27(a)(1) of the Federal Rules of Appellate Procedure, and in accordance with the instructions provided by the Clerk of Court, the appellants in the four above-captioned cases ("Appellants"), who have moved to consolidate their appeals, move to confirm the designation of the Federal Reserve Bank of New York ("FRBNY") as the appellee in each case. The FRBNY—as the garnishee of the assets Appellants are pursuing, and as the party against whom relief was sought in the district court—is currently listed as the appellee on the *Havlish* and *Doe* dockets. This designation is correct and should be maintained, and the FRBNY should be designated as the appellee in the *Federal Insurance* and *Smith* appeals as well.

Appellants are victims of terrorism who hold money judgments against the Taliban, a designated terrorist organization. This appeal arises from the denial of their motions for an order of judgment requiring the FRBNY to turn over assets that it holds on behalf of Da Afghanistan Bank, which Appellants argue is an agency or

2

instrumentality of the Taliban under the Terrorism Risk Insurance Act of 2002, § 201, Pub. L. No. 107–297, 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note).

"A motion to enforce a money judgment is governed by [Fed. R. Civ. P.] 69(a), which provides that 'proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located.' In New York, C.P.L.R. article 52 governs the enforcement and collection of money judgments. . . . Section 5225(b) enables a judgment creditor to commence a 'special proceeding' against a third party"—known as a garnishee—"who 'is in possession or custody of money or other personal property' in which the judgment debtor has an interest." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018). In federal court, a judgment creditor may seek relief from a third-party garnishee by motion under Rule 69(a) instead of by instituting a separate special proceeding. *Id.* at 469.

That is precisely what Appellants did in the district court. *See In re Terrorist Attacks on September 11, 2001*, No. 03-MD-1570 (S.D.N.Y.) ("MDL Dkt."). Each group of Appellants filed a Rule 69(a) motion, pursuant to *CSX*, seeking relief from the FRBNY as a third-party garnishee. The FRBNY was the target of Appellants' turnover motions at every turn—including in the motions' titles and captions.[1] Any

---

[1] *See Memorandum of Law in Support of the Havlish Creditors' Motion for Partial Turnover of Assets from **Garnishee Federal Reserve Bank of New York**,* MDL Dkt.

3

turnover order would have run against the FRBNY itself, requiring the FRBNY to turn over DAB's assets in satisfaction of Appellants' underlying judgments against the Taliban. Had Appellants not proceeded by motion but instead instituted separate special turnover proceedings, as was their right, their turnover complaints would have been filed against the FRBNY directly. *See, e.g.*, Complaint Pursuant to N.Y. C.P.L.R. § 5225, *Levin v. Bank of New York et al.*, No. 09-cv-5900 (S.D.N.Y. June 26, 2009), ECF No. 70 (turnover complaint naming four garnishee banks as defendants); D. Siegel, N.Y. Prac. § 510 (6th ed. 2022). Appellants elected instead to file Rule 69(a) motions pursuant to *CSX* for the convenience of the parties and the district court.

Consistent with these well-established procedures, this Court has routinely designated turnover garnishees as appellees in appeals such as this. *E.g.*, *N. Mariana*

---

7764 at 1 (captioned FIONA HAVLISH, individually and on behalf of the ESTATE OF DONALD G. HAVLISH, JR., Deceased, *et al.*, Creditors, v. THE TALIBAN, *et al.*, Debtors, **FEDERAL RESERVE BANK OF NEW YORK, Garnishee**); *Memorandum of Law in Support of the Doe Creditors' Motion for Turnover of Assets from* **Garnishee Federal Reserve Bank of New York**, MDL Dkt. 7769 at 1 (captioned JOHN DOES 1 THROUGH 7, Judgment Creditors, v. THE TALIBAN, AL-QAEDA, and THE HAQQANI NETWORK, Judgment Debtors, and **THE FEDERAL RESERVE BANK OF NEW YORK, Garnishee**); *Memorandum of Law in Support of the Federal Insurance Creditors' Motion for Partial Turnover of Assets from* **Garnishee Federal Reserve Bank of New York**, MDL Dkt. 7937 at 1 (captioned Federal Insurance Company, et al., Creditors, v. The Taliban, et al., Debtors, **Federal Reserve Bank of New York, Garnishee**); *see also* Memorandum of Law in Support of the Smith/Soulas Creditors' Motion for Turnover of Assets From **Garnishee Federal Reserve Bank of New York**, *Smith v. Islamic Emirate of Afghanistan*, No. 01-cv-10132-GBD-SN (S.D.N.Y. May 18, 2022), ECF No. 63.

*Islands v. Canadian Imperial Bank of Com.*, 717 F.3d 266 (2d Cir. 2013) (turnover garnishee Canadian Imperial Bank of Commerce designated "Garnishee-Appellee"); *Hausler v. JP Morgan Chase Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014) (five turnover garnishee banks designated "Defendants–Garnishees–Third–Party Plaintiffs–Appellees"); *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014) (seven turnover garnishee banks designated "Consolidated-Defendants-Appellees"); *see also Hegna v. 650 Fifth Ave. Co.*, 673 F. App'x 54 (2d Cir. 2016) (turnover garnishee Assa Corp. designated "Garnishee-Appellee"). Other courts of appeals have done much the same. *E.g.*, *Heiser v. Islamic Republic of Iran*, 735 F.3d 934 (D.C. Cir. 2013) (Wells Fargo designated appellee in attachment proceeding by judgment creditors). There is thus ample precedent for the designation of the FRBNY as the Garnishee-Appellee.

On March 14, 2023, counsel for the FRBNY filed an Acknowledgment and Notice of Appearance form. *See Havlish* Dkt. 33. In that filing, the FRBNY asserted that it had been incorrectly designated as the appellee and requested that the caption be amended to state that the FRBNY is a "non-party." For the reasons noted above, the *Havlish* caption is correct; the FRBNY should remain designated as the "Garnishee-Appellee."

As the foregoing cases involving garnishees demonstrate, the party against which a turnover judgment is sought is a proper appellee. The fact that the FRBNY

5

does not consider itself a party to the appeal and did not oppose the relief Appellants sought against it in the district court does not change that principle. *See, e.g., MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 380, n.1 (2d Cir. 2006) ("Although listed in the official caption as an 'appellee,' defendant FIFA did not oppose or join in the motions below, nor did it participate in this appeal."); *First Tech. Cap., Inc. v. Airborne, Inc.*, 726 F. App'x 85, 86 (2d Cir. 2018) (noting that the appellee "declined to participate in [the] appeal, neither filing a written brief nor appearing at oral argument to defend the judgment below"). As the party against whom a turnover judgment is sought, the FRBNY is the proper appellee.

The FRBNY's citation in its Acknowledgment and Notice of Appearance form to *In re Approximately $3.5 Billion*, No. 22-965 (cited by the FRBNY as *Wodenshek v. Da Afghanistan Bank*), in which this Court denied the appellants' motion to designate the FRBNY as an appellee, is inapposite. That appeal was taken from the district court's dismissal of a putative class action in which the appellants—parties who did not have judgments against the Taliban—sought only to proceed *in rem* against the DAB assets on deposit at the FRBNY. Unlike Appellants here, the plaintiffs-appellants in *In re Approximately $3.5 Billion* did not file a motion against the FRBNY to enforce a money judgment[2]—indeed, they had no judgment to

---

[2] *See* No. 22-965, Dkt. 37 at 13 ¶ 31 ("In filing the Class Action, Plaintiffs-Appellants did not list a defendant on the district court docket because the Class

6

enforce. Accordingly, they could cite no precedent for treating the FRBNY as an appellee. *See* No. 22-965, Dkt. 37 at 14 ¶ 36. By contrast, Appellants in these cases are proceeding against FRBNY as the garnishee of the assets they seek. As the garnishee and proper subject of a Section 5225 turnover motion, the FRBNY is the appropriate appellee.

For these reasons, Appellants respectfully request that the Court (1) deny the FRBNY's request to designate itself as a non-party; and (2) confirm the FRBNY's designation as the "Garnishee-Appellee" in the *Havlish*, *Doe*, *Federal Insurance*, and *Smith* appeals.

---

Action is an *in rem* proceeding seeking an equitable distribution of the DAB Assets, and it brings no claims against an individual defendant.").

7

March 31, 2023

        Respectfully submitted.

        */s/ Lee Wolosky*
        Lee Wolosky
        JENNER & BLOCK LLP
        1155 Avenue of the Americas
        New York, NY 10036
        (212) 891-1628
        lwolosky@jenner.com

        Ian Heath Gershengorn
        Douglass A. Mitchell
        JENNER & BLOCK LLP
        1099 New York Avenue, NW, Ste. 900
        Washington, DC 20001
        (202) 639-6000
        igershengorn@jenner.com
        dmitchell@jenner.com

        Andrianna D. Kastanek
        JENNER & BLOCK LLP
        353 N. Clark Street
        Chicago, IL 60654
        (312) 840-7285
        akastanek@jenner.com

        *Counsel for the Havlish Creditors,*
        *Appellants in 23-258*

/s/ John Thornton
John Thornton
Orlando do Campo
do Campo & Thornton, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
jt@dandtlaw.com
od@dandtlaw.com

*Counsel for the Doe Creditors, Appellants in 23-263*

/s/ Sean P. Carter
Sean P. Carter, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
(215) 665-2105
scarter1@cozen.com

*Counsel for the Federal Insurance Creditors, Appellants in 23-346*

/s/ Dion G. Rassias
Dion G. Rassias
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000

*Counsel for the Smith Creditors, Appellants in 23-304*

9

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,387 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this document complies with Fed. R. App. P. 27(d)(1)(E), because it complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This document has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

/s/ Lee Wolosky