# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-258 (and related cases); 23-354

**Caption [use short title]**

**Motion for:** Case management relief.

Set forth below precise, complete statement of relief sought:

Appellants in the 9/11 MDL appeals--Havlish (23-258), Doe (23-263), Smith (23-304), Federal Insurance (23-346)--as well as Appellants in Owens v. Taliban (23-354), submit this proposed case management plan pursuant to the Clerk's Office's instructions.

Havlish v. Bin Laden (and related cases)

Owens v. Taliban

**MOVING PARTY:** Havlish Creditors                **OPPOSING PARTY:** Federal Reserve Bank of New York

[✔] Plaintiff    [ ] Defendant
[ ] Appellant/Petitioner    [ ] Appellee/Respondent

**MOVING ATTORNEY:** Lee Wolosky                **OPPOSING ATTORNEY:** Michele Kalstein

[name of attorney, with firm, address, phone number and e-mail]

Jenner & Block LLP, 1155 6th Ave., New York NY 10036

212-891-1628

LWolosky@jenner.com

Federal Reserve Bank of New York

33 Liberty Street, New York, NY 10045

michele.kalstein@ny.frb.org; 212-720-5056

**Court- Judge/ Agency appealed from:** SDNY - Daniels and Caproni

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes  [ ] No (explain): The 9/11 MDL Appellants have notified the Federal Reserve Bank of New York. The Taliban is in default and has not appeared in this action.

Opposing counsel's position on motion:
[ ] Unopposed  [ ] Opposed  [✔] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  [ ] Yes  [ ] No
Has this relief been previously sought in this court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  [ ] Yes  [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✔] No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Lee Wolosky         **Date:** 03-31-2023   Service by: [✔] CM/ECF   [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| FIONA HAVLISH, *et al.*,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL RESERVE BANK OF NEW YORK,<br><br>    Garnishee-Appellee,<br><br>SHEIKH USAMA BIN-LADEN, *et al.*,<br><br>    Defendants. | On Appeal from the United States District Court for the Southern District of New York (Daniels, J.)<br><br>No. 23-258 |
| JOHN DOES 1 THROUGH 7,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL RESERVE BANK OF NEW YORK,<br><br>    Garnishee-Appellee,<br><br>THE TALIBAN, *et al.*,<br><br>    Defendants. | On Appeal from the United States District Court for the Southern District of New York (Daniels, J.)<br><br>No. 23-263 |
| FEDERAL INSURANCE CO., *et al.*,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>AL QAIDA, *et al.*,<br><br>    Defendants. | On Appeal from the United States District Court for the Southern District of New York (Daniels, J.)<br><br>No. 23-346 |

| | |
|---|---|
| RAYMOND ANTHONY SMITH, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ISLAMIC EMIRATE OF AFGHANISTAN, *et al.*, <br><br> Defendants-Appellees. | On Appeal from the United States District Court for the Southern District of New York (Daniels, J.) <br><br> No. 23-304 |
| JAMES OWENS, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TALIBAN, AKA ISLAMIC EMIRATE OF AFGHANISTAN, <br><br> Defendant-Appellee. | On Appeal from the United States District Court for the Southern District of New York (Caproni, J.) <br><br> No. 23-354 |

**PROPOSED JOINT CASE MANAGEMENT PLAN**

Pursuant to the Clerk's Office's instructions, the undersigned attorneys for the appellants in the five above-captioned appeals submit the following case management proposal.

**I.  Consolidation**

Appellants in the *Havlish*, *Doe*, *Federal Insurance*, and *Smith* cases (the "Joint Creditors")—all of whom appeal from the same February 21, 2023 Order of Judge Daniels in the September 11 multidistrict litigation, No. 03-MD-1570 (S.D.N.Y.) (the "9/11 MDL")—have moved to consolidate their appeals. The

2

motion to consolidate was filed on the dockets of *Havlish* (Dkt. 43), *Doe* (Dkt. 40), and *Smith* (Dkt. 37), and is joined by the appellants in *Federal Insurance.* The Joint Creditors propose that *Havlish v. Bin-Laden*, No. 23-258, be designated as the lead case and that subsequent filings by all parties to the four 9/11 MDL appeals be made on the *Havlish* docket.[1]

Appellants in *Owens* (the "Owens Plaintiffs") appeal from a February 24, 2023 Order of Judge Caproni. *See* No. 22-CV-1949-VEC (S.D.N.Y.), Dkt. 82. The Joint Creditors and the Owens Plaintiffs agree that *Owens* should <u>not</u> be consolidated with the 9/11 MDL appeals, given that the *Owens* and 9/11 MDL appeals arise from different district court decisions and present distinct legal and factual questions. *See Havlish* Dkt. 43. However, all parties agree that the appeals should proceed in tandem on the same schedule and, to the extent possible, before the same panel because all parties seek to execute upon or attach the same assets. Thus, the

---

[1] On March 23, 2023, plaintiffs in four other 9/11 MDL actions (the "Ashton Plaintiffs") noticed an appeal from the same February 21, 2023 Order of Judge Daniels. *See* MDL Dkt. 8950; Case. No. 23-444 (2d Cir.). It is not yet clear exactly what aspect of the Order those plaintiffs are appealing. In any event, those plaintiffs—from the *Ashton*, *Bauer*, *Burlingame*, and *Schneider* cases—are not similarly situated to the Joint Creditors. Those plaintiffs did not move for turnover and have those turnover motions denied. The aspects of the Order they intend to appeal will thus necessarily be different from the ones the Joint Creditors are appealing. The Joint Creditors reserve all rights as to arguments with regards to the propriety and jurisdictional foundation of the *Ashton* Plaintiffs' appeal.

3

following proposed briefing schedule would, if adopted by the Court, apply equally to all five above-captioned appeals.

## II. Briefing Schedule

Appellants propose the following briefing schedule:

- Appellants' principal briefs shall be due 91 days from today, *i.e.*, June 30, 2023.

- To the extent any appellees intend to file briefs,[2] they shall follow the procedure set forth in Local Rule 31.2(a)(1)(B). That procedure provides that, within 14 days after the filing of the last appellants' brief, any appellee wishing to submit a brief shall notify the clerk in writing of the deadline they request for such brief, which must be within 91 days after the filing of the last appellants' brief. If the appellee fails to submit a scheduling request, the deadline for its brief is 30 days after the filing of the last appellants' brief.

- Any *amicus* brief authorized under Fed. R. App. P. 29(a) must be filed no later than 7 days after the principal brief of the party being supported is filed, and an *amicus curiae* in support of no party must file its brief no later than 7 days after the appellants' principal briefs are filed. If no appellee files a brief, the deadline for any *amici* to file a brief in support

---

[2] It is uncertain whether any appellee will participate in the briefing on appeal. The Federal Reserve Bank of New York—the garnishee of the assets at issue—has asked to be designated as a nonparty in the *Havlish* appeal and, although designated as the garnishee in the district court, took no position in the proceedings. *See Havlish* Dkt. 33. The Joint Creditors, but not the Owens Plaintiffs, have filed a motion to designate the FRBNY as the proper appellee in the 9/11 MDL appeals, which is pending before this Court. *See Havlish* Dkt. 50. Meanwhile, all of the judgment debtors in the 9/11 MDL proceedings, as well as the defendant in *Owens*, have defaulted and have never appeared.

of affirmance of the relevant District Court order shall be 37 days after the filing of the last appellants' brief.[3]

- Appellants request the opportunity to respond to the briefs or statements of interest, if any, of *amici curiae* and the United States. Any reply briefs must be filed within 30 days after the filing of the last brief, if any, of: (1) appellees; (2) the United States; or (3) *amici curiae*.

### III.  Briefing Length and Structure

####    A.    9/11 MDL Appeals

In the consolidated 9/11 MDL appeals, the Joint Creditors intend to coordinate briefing, but wish to preserve their rights to file separate briefs if it proves necessary. The Joint Creditors propose that they file one common brief of no more than 16,000 words, and no more than three separate briefs of no more than 8,000 words each, in lieu of the four briefs of up to 14,000 words each that they would otherwise be permitted to file under Local Rule 32.1(a)(4)(A). The Joint Creditors further propose that they be permitted to submit a proposal for the length and structure of reply briefs, if any, within 7 days after the deadline for the last brief by any appellee, *amicus curiae*, or non-party.

---

[3] While neither the FRBNY nor any judgment debtor or defendant opposed appellants in the district court, various *amici curiae* submitted briefing in opposition to appellants in the 9/11 MDL turnover proceedings, and the United States submitted statements of interest in both the 9/11 MDL and in *Owens*.

5

B. *Owens*

In *Owens*, the appellants plan to file an opening brief and a reply brief in accordance with the Court's normal rules regarding word length (*i.e.*, no more than 14,000 words for an opening brief and 7,000 words for the reply brief).

IV. **Roster of Parties**

*Havlish*, No. 23-258. The docketed list of Plaintiffs-Appellants in *Havlish* is incorrect. The full list of Plaintiffs-Appellants was attached to the Havlish Creditors' Acknowledgment and Notice of Appearance form, *see Havlish* Dkt. 10, and is resubmitted here for the Court's convenience as Exhibit A-1 to this motion. The list of Garnishees and relevant judgment debtors is attached as Exhibit A-2.

*Does*, No. 23-263. The docketed list of Plaintiffs-Appellants in *Does* is attached as Exhibit B-1 to this motion. The list of Garnishees and relevant judgment debtors is attached as Exhibit B-2.

*Smith*, No. 23-304. The docketed list of Plaintiffs-Appellants in *Smith* is attached as Exhibit C-1 to this motion. The list of Garnishees and relevant judgment debtors is attached as Exhibit C-2.

*Federal Insurance*, No. 23-346. The docketed list of Plaintiffs-Appellants in *Federal Insurance*, and additional Plaintiffs included in the underlying judgment against the Taliban at MDL ECF No. 7888, is attached as Exhibit D-1 to this

motion. The list of Garnishees and relevant judgment debtors is attached as Exhibit D-2.

*Owens*, No. 23-354. The docketed list of parties in *Owens* is attached as Exhibit E to this motion.

## V. Appellees

The Joint Creditors have moved to confirm the designation of the Federal Reserve Bank of New York ("FRBNY") as the appellee in the 9/11 MDL Appeals. *See Havlish* Dkt. 50. The FRBNY—as the garnishee of the assets Appellants are pursuing, and as the party against whom relief was sought in the district court—is currently listed as the appellee on the *Havlish* and *Doe* dockets. For the reasons stated in the motion, the Joint Creditors submit that this designation is correct and should be maintained, and the FRBNY should be designated as the appellee in the *Smith* and *Federal Insurance* appeals as well.

The Owens Plaintiffs have taken the position that the FRBNY, as garnishee only, does not need to be designated as an appellee in their appeal.

## VI. Stay of the District Court Orders

Appellants in the *Havlish, Doe,* and *Smith* cases have moved to stay Judge Daniels' February 21, 2023 order pending appeal. *See Havlish* Dkt. 25; *Doe* Dkt. 16; *Smith* Dkt. 27. Pursuant to the Clerk's Office's instructions, the *Federal Insurance* Appellants respectfully adopt and join in the Joint Creditors' pending

7

motions to stay, which are substantively identical, through the instant motion for case management relief, in lieu of filing a separate motion to stay.

Appellants in *Owens* have moved for a stay pending appeal of Judge Caproni's February 24, 2023 order. *See Owens* Dkt. 16-1.

March 31, 2023

        Respectfully submitted.

        */s/ Lee Wolosky*
        Lee Wolosky
        JENNER & BLOCK LLP
        1155 Avenue of the Americas
        New York, NY 10036
        (212) 891-1628
        lwolosky@jenner.com

        Ian Heath Gershengorn
        Douglass A. Mitchell
        JENNER & BLOCK LLP
        1099 New York Avenue, NW, Ste. 900
        Washington, DC 20001
        (202) 639-6000
        igershengorn@jenner.com
        dmitchell@jenner.com

        Andrianna D. Kastanek
        JENNER & BLOCK LLP
        353 N. Clark Street
        Chicago, IL 60654
        (312) 840-7285
        akastanek@jenner.com

        *Counsel for the Havlish Creditors,*
        *Appellants in 23-258*

/s/ John Thornton
John Thornton
Orlando do Campo
do Campo & Thornton, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
jt@dandtlaw.com
od@dandtlaw.com

*Counsel for the Doe Creditors, Appellants in 23-263*

/s/ Sean P. Carter
Sean P. Carter, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
(215) 665-2105
scarter1@cozen.com

*Counsel for the Federal Insurance Creditors, Appellants in 23-346*

/s/ Dion G. Rassias
Dion G. Rassias
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000

*Counsel for the Smith Creditors, Appellants in 23-304*

/s/ Matthew D. McGill
Matthew D. McGill
Jessica L. Wagner (admission pending)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
mmcgill@gibsondunn.com
jwagner@gibsondunn.com

Robert L. Weigel
Jason W. Myatt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
rweigel@gibsondunn.com
jmyatt@gibsondunn.com

Rebecca Monck Ricigliano
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
(212) 895-4000
rricigliano@crowell.com

Clifton S. Elgarten
Emily M. Alban (application for admission forthcoming)
CROWELL & MORING LLP
1001 Pennsylvania Ave. N.W.
Washington, D.C. 20004
(202) 624-2500
celgarten@crowell.com
ealban@crowell.com

>Jane Carol Norman (*pro hac vice* application forthcoming)
>Bond & Norman Law, PC
>6205 Executive Blvd.
>Rockville, MD 20852
>(202) 682-4100
>jnorman425@icloud.com
>
>*Counsel for the Owens Plaintiffs, Appellants in 23-354*

# CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,412 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this document complies with Fed. R. App. P. 27(d)(1)(E), because it complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This document has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

/s/ Lee Wolosky