UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

Fiona Havlish, *et al.*,

       Plaintiffs - Appellants,

v.

Federal Reserve Bank of New York,       Docket No. 23-258 (Lead)

       Garnishee,

The Taliban, *et al.*,

       Defendants.
_____

John Does 1 through 7,

       Plaintiffs - Appellants,

v.       Docket No. 23-263 (Con)

Federal Reserve Bank of New York,

       Interested-Party,

The Taliban, Al-Qaeda, The Haqqani Network,

       Defendants.
_____

Raymond Anthony Smith,
as Administrator of the Estate
of George Eric Smith, deceased.,

       Plaintiff - Appellant,

Jane Doe, In her own right,
on behalf of her minor children,       Docket No. 23-304 (Con)
and as Executrix of the Estate of

Tom Sawyer,
a fictitious name, deceased,

    Consolidated - Plaintiff,

Katherine Soulas, in her own right,
as Representative of the Heirs,
on behalf of her minor children,
and as Executrix of the Estate of
Timothy Soulas, Deceased, on behalf
of the Solatium claimants, including
Katherine Soulas, Frederick Soulas, II,
Timothy Soulas, Jr.,

    Plaintiff

v.

The Islamic Emirate of
Afghanistan, The Taliban,
Al Qaida/Islamic Army,
Sheikh Usamah Bin-Muhammad
Bin-Laden, AKA Osama Bin-Laden,
The Republic of Iraq,

    Defendants - Appellees,

Saddam Hussein,

    Defendant.

_____

Federal Insurance Company, et al.,

    Plaintiffs - Appellants,  Docket No. 23-346 (Con)

v.

Al Qaida,

    Defendant.

_____

Estate of Jesse Nathanael
Aliganga, et al., Rizwan
Khaliq, et. al.,
James Owens, et. al.,

        Plaintiffs - Appellants,         Docket No. 23-354 (Tandem)

v.

Taliban, AKA The Islamic Emirate
of Afghanistan,

        Defendant - Appellee.

_____

## OPPOSITION TO MOTION TO DESIGNATE THE
## FEDERAL RESERVE BANK OF NEW YORK AS APPELLEE

MICHELE KALSTEIN
KATHERINE STEELE LANDY
FEDERAL RESERVE BANK
   OF NEW YORK
33 Liberty Street
New York, New York 10045
(212) 720-505
*Counsel for Non-Party*
*Federal Reserve Bank of New York*

## RULE 26.1 DISCLOSURE STATEMENT

The Federal Reserve Bank of New York ("New York Fed") is a corporation chartered under the laws of the United States pursuant to the Federal Reserve Act of 1913, 12 U.S.C. § 221 *et seq.* The New York Fed, a corporate instrumentality of the United States, has no parent company or publicly owned subsidiaries or affiliates.

Although stock of the New York Fed is owned by member commercial banks within the Second Federal Reserve District, none of the stockholders control the New York Fed. New York Fed stock, unlike stock in a typical private corporation, is not acquired for investment purposes or for purposes of control. Rather, such stock is acquired because its ownership is a condition of membership in the Federal Reserve System. Unlike owners of a typical private corporation, New York Fed stockholders do not possess a residual equity interest in New York Fed assets. That residual interest remains always with the United States.

Non-party the Federal Reserve Bank of New York ("New York Fed") submits this memorandum in opposition to the motion of appellants in the *Havlish*, *John Does 1 through 7*, *Smith, et al.*, and *Federal Insurance Co., et al.* actions (collectively, the "Moving Appellants") to designate the New York Fed as an appellee in their above-captioned appeals (the "Motion").[1]

## PRELIMINARY STATEMENT

The New York Fed condemns the acts of terrorism that are the basis of the claims in these proceedings. The New York Fed offers its views here solely with respect to the question of whether it can be designated an appellee when it was not a party to, and did not participate in, any of the underlying suits. The Motion should be denied, just as this Court recently did in response to a similar motion seeking to add the New York Fed, a non-party, as an appellee in a related proceeding, *In re: Approximately $3.5 Billion of Assets on Deposit at the Federal Reserve Bank of New York in the name of Da Afghanistan Bank*, No. 22-965.

The Moving Appellants attempt to distinguish this compelling authority by noting that the plaintiffs-appellants in that related matter sought to proceed *in rem* against the accounts of Da Afghanistan Bank ("DAB")—the central bank of

---

[1] Not all appellants in this consolidated appeal seek to designate the New York Fed as an appellee. The *Owens et al. v. Taliban* ("Owens") appellants did not join in the Motion.

1

Afghanistan—held at the New York Fed, while the Moving Appellants seek to enforce a money judgment against the New York Fed as a third-party garnishee pursuant to N.Y. C.P.L.R. § 5225(b) and F.R.C.P. 69(a). Motion at 6-7. This, however, is a distinction without a difference, since the New York Fed holds the accounts in question for DAB.

The real issue—and the one currently on appeal—is whether, under the Foreign Sovereign Immunities Act (FSIA"), 28 U.S.C. § 1602 *et. seq.*, the Moving Appellants may execute on DAB accounts in order to satisfy judgments against the Taliban. The New York Fed is not a proper party to the Moving Appellants' appeal of this key threshold legal issue. Unless and until the Moving Appellants establish a legal right to execute on DAB accounts to satisfy judgments against the Taliban, the New York Fed should continue to be treated as a non-party, rather than a garnishee-appellee as the Moving Appellants request.

## BACKGROUND AND PROCEDURAL HISTORY

The New York Fed is part of the Federal Reserve System, the central bank of the United States. Among its many functions, the New York Fed acts as the international operating arm for the nation's central bank and in that capacity offers banking services and maintains accounts for over 200 foreign central banks, monetary authorities, foreign governments and international organizations,

2

including DAB. The New York Fed does not hold any accounts for any of the named judgment debtors in these consolidated actions.

On February 11, 2022, President Biden issued Executive Order 14064, titled "Protecting Certain Property of Da Afghanistan Bank for the Benefit of the People of Afghanistan" (the "Executive Order"). In recognition of the "unusual and extraordinary threat to the national security and foreign policy of the United States" posed by the "widespread humanitarian crisis in Afghanistan," the Executive Order blocks all DAB assets in the United States, including those at the New York Fed. *Id.* at 1-2. On the same day, the United States issued a Directive License to the New York Fed to direct the transfer of $3.5 billion of DAB funds held at the New York Fed "so that they can be used for the benefit of the Afghan people, in view of the acute humanitarian and economic crisis facing Afghanistan." Statement of Interest of the United States of America dated Feb. 11, 2022 at 2-3. Creditors and would-be creditors of the Taliban sought to attach the blocked DAB funds that are not subject to the Directive License (the "Funds") pursuant to the Terrorism Risk Insurance Act ("TRIA") or related causes of action.

The Moving Appellants, four groups of judgment creditors with default judgments against the Taliban in separate cases, were consolidated in a multi-district litigation.[2] They served process on the New York Fed seeking to execute

---

[2] *In re: Terrorist Attacks on September 11, 2001*, 03-MD-1570 (GDB) (SN)

3

on the Funds.³ The Moving Appellants subsequently filed motions for turnover against the New York Fed as "garnishee" seeking to satisfy their judgments with assets held by DAB in its accounts at the New York Fed.⁴

The New York Fed, a non-party, took no position with respect to the merits of the Moving Appellants' turnover motions. It filed one non-substantive letter as "a non-party" in May 2022 to inform the judges overseeing the various actions of the multiple and potentially conflicting proceedings.⁵

Another group of plaintiffs (the "Owens Plaintiffs") commenced an action against the Taliban in connection with terrorist attacks on U.S. embassies in Tanzania and Kenya that took place on August 7, 1998.⁶ The Owens Plaintiffs brought an *ex parte* motion seeking pre-judgment attachment of the Funds held by DAB in its accounts at the New York Fed, which was granted on March 21, 2022. The Owens Plaintiffs moved to confirm the *ex parte* pre-judgment attachment

---

("MDL").

³ *See Doe v. Taliban*, No. 20 Misc. 740 (KPF) (Dkt. Entry dated September 27, 2021), and *Havlish v. Bin-Laden*, No. 03 Civ. 9848 (GBD) (SN) (Dkt. Entry dated January 19, 2022); *Federal Insurance Co., et al. v. Taliban, et al.*. 03-cv-6978 (GBD) (SN); S*mith v. Taliban et al.*, 01-cv-10132 (LAK) (Dkt. #50, 51).

⁴ Dkt. Nos. 7763, 7767 and 7936 in No. 03-md-1570; Dkt. No. 62 in No. 01-cv-10132; Dkt. No. 597 in No. 013-cv-9848.

⁵ No. 03-MD-1570 (GDB) (SN) (Dkt. # 8040); No. 1:22-cv-01949-VEC (Dkt. # 60).

⁶ No. 1:22-cv-01949-VEC (Dkt. # 82).

4

order, naming the New York Fed as a third-party "garnishee." As a non-party, the New York Fed took no position on the motion to confirm, but responded to the motion to offer its views on relevant provisions of the FSIA.

On August 26, 2022, Magistrate Judge Netburn issued a Report and Recommendation (the "Report") in the MDL recommending that the lower court deny the Moving Appellants' turnover motions because, among other things, the Court lacked subject matter jurisdiction over these motions under the FSIA, 28 U.S.C. § 1602 *et seq*. The Moving Appellants filed objections to the Report. On February 21, 2023, Judge Daniels issued a Memorandum Decision and Order that undertook a *de novo* review of the Report and adopted "Magistrate Judge Netburn's Report in finding that the Court lacks subject-matter jurisdiction over the turnover motions under the FSIA, and that this Court is constitutionally restrained from determining the Taliban is the legitimate government of Afghanistan as required to attach DAB's assets." February 21, 2023 Order at 2 (internal citations omitted).

On February 24, 2023, Judge Caproni issued an Opinion and Order denying the Owens Plaintiffs' motion to confirm the *ex parte* pre-judgment order of attachment because the Funds are immune from attachment under the FSIA. *Owens* Opinion and Order issued February 24, 2023 at 3-4.[7]

---

[7] No. 1:22-cv-01949-VEC (Dkt. # 82).

The instant appeals (which have now been consolidated) followed. When the appeals were filed, the appellants in the *Havlish* and *Does* matters listed the New York Fed as an appellee. The appellants in *Smith*, *Federal Insurance* and *Owens* did not.

On March 14, 2023, the New York Fed filed its Acknowledgement and Notice of Appearance form with this Court, noting that it was incorrectly designated as an appellee when it is in fact a non-party. On March 31, 2023, the Moving Appellants (but not the *Owens* appellants) filed the instant Motion seeking to designate the New York Fed as an appellee in the consolidated appeal.

## ARGUMENT

I. **THE NEW YORK FED IS NOT A PROPER APPELLEE IN THIS APPEAL**

The New York Fed should not be designated an appellee at this time.

First, as a matter of appellate procedure, it is improper for the New York Fed to be added as an appellee when it was not a party to, and did not take a position or otherwise participate in, any of the proceedings below. Generally, only parties to the actions below may be parties on appeal. *See* FRAP 3(c) (A notice of appeal should designate which of the plaintiffs and defendants in the action(s) below will participate in the appeal). While courts have discretion to allow non-parties who intervene in a matter or seek to participate to become parties to an appeal, the New York Fed has done neither. The New York Fed was not a party to any of the

6

underlying actions and did not seek to intervene or participate in the turnover proceedings below.

Second, the New York Fed does not hold any accounts for any of the named judgment debtors in this action. The Moving Appellants seek to add the New York Fed as appellee to this appeal because, as part of its central banking functions, it holds accounts for DAB. DAB, however, is not named as a party in the underlying actions, and the Moving Appellants are not seeking to add DAB as an appellee to their consolidated appeal.

Third, this Court has already declined a similar motion to add the New York Fed as an appellee in a related appeal. On July 20, 2022, this Court denied a request to designate the New York Fed as an appellee in *In re: Approximately $3.5 Billion of Assets on Deposit at the Federal Reserve Bank of New York in the name of Da Afghanistan Bank*,[8] which originated from the same underlying MDL as the instant appeal. As here, the plaintiffs-appellants asserted claims against the Taliban in connection with the terrorist attacks of September 11, 2001. Also as here, the plaintiffs-appellants sought to designate the New York Fed as an appellee because the New York Fed held DAB Funds that the plaintiffs-appellants sought to use to satisfy claims against the Taliban. This Court denied plaintiffs-appellants'

---

[8] No. 22-965 (Dkt. #57).

7

request to designate the New York Fed as an appellee, "without prejudice to the [New York Fed] moving to either intervene or appear as amicus curiae." *Id.*

Moving Appellants' attempts to distinguish this dispositive authority are unpersuasive. Moving Appellants focus on the fact that the plaintiffs-appellants in *In re Approximately $3.5 Billion* sought to proceed *in rem* against the DAB Funds, while the Moving Appellants seek to enforce a money judgment against the New York Fed as a third-party garnishee pursuant to N.Y. C.P.L.R. § 5225(b) and F.R.C.P. 69(a). Motion at 6-7. Moving Appellants emphasize that the New York Fed "was the target of Appellant's turnover motions at every turn." Motion at 3.

This distinction between the DAB Funds themselves, and the New York Fed, as holder of the DAB Funds, is unavailing. Both the instant proceedings and the proceedings in *In re: Approximately $3.5 Billion* are efforts to use DAB Funds held at the New York Fed to satisfy claims against the Taliban. Though the Moving Appellants' turnover motions were directed at the New York Fed, the real and only target of these turnover motions was the DAB Funds. *See Havlish* Creditors' District Court brief in support of turnover motion at 1, 5, 17[9] ("*There is no question that the DAB Assets belong to DAB. They are in DAB's account at the Fed.*") (emphasis added).

---

[9] Case No. 1:03-cv-09848-GBD-SN (Dkt. #598).

8

Fourth, the Moving Appellants' claim that the New York Fed is a proper appellee because they named the New York Fed as a garnishee in their turnover proceedings, and that garnishees are regularly deemed appellees, lacks merit. It is unclear that the New York Fed is accurately characterized as garnishee with respect to the DAB Funds. Section 5225(b) enables a judgment creditor to commence a garnishment proceeding against a third party who "is in possession or custody of money or other personal property *in which the judgment debtor has an interest*, or against a person who is a transferee of money or other personal property from the judgment debtor, *where it is shown that the judgment debtor is entitled to the possession of such property* or that the judgment creditor's rights to the property are superior to those of the transferee." N.Y. C.P.L.R. § 5225(b) (emphasis added). *See also CX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018). As discussed above, this showing has not been made, and this is the very issue currently on appeal.[10]

Finally, the cases the Moving Appellants cite in support of their requested relief are inapposite. Unlike the instant matter, each of those cases concerned

---

[10] Notably, in an *amicus* brief the Moving Appellants recently filed in a related matter, the Moving Appellants *agree* with Judge Daniels' conclusion that as the central bank of Afghanistan, DAB is a foreign state presumptively immune from the Court's jurisdiction. *Bushnell v. The Islamic Emirate of Afghanistan et al.*, Brief of Amici Curiae Joint Taliban Creditors, No. 1:22-cv-08901-JSR (Dkt. # 44).

9

efforts to attach the assets of a judgment debtor itself. *See* CSX Transp., 879 F.3d at 473 (garnishment action seeking assets of judgment debtor); *Hausler v. JP Morgan Chase Bank, N.A.,* 770 F.3d 207, 210 (2d Cir. 2014) (petitions to enforce judgment against judgment debtor Republic of Cuba using its blocked assets); *Calderon-Cardona v. Bank of New York Mellon, et al.*, 770 F.3d 993, 997 (2d Cir. 2014) (electronic funds transfers subject to turnover motion were property of the judgment debtor); *Northern Mariana Islands v. Canadian Imperial Bank of Commerce*, 717 F.3d 266, 268 (2d Cir. 2013) (turnover proceeding directed at judgment debtor's accounts vacated); *Hegna v. 650 Fifth Avenue Company*, 673 Fed. App'x 54 (2016) (turnover proceedings attempting to seize assets of judgment debtor, Republic of Iran).

Here, in contrast, the New York Fed does not hold the assets of any judgment debtor in the underlying actions. DAB is not a judgment debtor, and the Moving Appellants have not established any legal right to use DAB Funds to satisfy their judgments against the judgment debtors. Unless and until the Moving Appellants can establish this threshold legal right, the New York Fed should remain a non-party, and should not be designated a garnishee-appellee.

## CONCLUSION

For the foregoing reasons, the New York Fed respectfully requests that the Court deny the Motion to designate the New York Fed as an appellee in the instant

10

appeal. As in the *In re Approximately $3.5 Billion* matter, the New York Fed requests that this denial be without prejudice to the New York Fed's ability to seek the Court's leave to appear as *amicus curiae*.

Dated:   New York, New York
        April 10, 2023

Respectfully submitted,

/s/ Michele Kalstein
MICHELE KALSTEIN
KATHERINE STEELE LANDY
Federal Reserve Bank of New York
33 Liberty Street
New York, New York 10045

11

# CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2,439 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this document complies with Fed. R. App. P. 27(d)(1)(E), because it complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This document has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

/s/ Michele Kalstein