# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | |
|---|---|
| FIONA HAVLISH, *et al.*, | On Appeal from the United States District Court for the Southern District of New York (Daniels, J.) |
|      Plaintiffs-Appellants, | |
| v. | |
| FEDERAL RESERVE BANK OF NEW YORK, | No. 23-258 (L) |
|      Garnishee, | |
| THE TALIBAN, *et al.*, | |
|      Defendants. | |
| JOHN DOES 1 THROUGH 7, | No. 23-263 (Con) |
|      Plaintiffs-Appellants, | |
| v. | |
| FEDERAL RESERVE BANK OF NEW YORK, | |
|      Interested-Party, | |
| THE TALIBAN, AL QAEDA, THE HAQQANI NETWORK, | |
|      Defendants. | |
| FEDERAL INSURANCE CO., *et al.*, | No. 23-346 (Con) |
|      Plaintiffs-Appellants, | |
| v. | |
| AL QAIDA, *et al.*, | |
|      Defendants. | |

RAYMOND ANTHONY SMITH, *et al.*,

     Plaintiffs-Appellants,

v.

ISLAMIC EMIRATE OF AFGHANISTAN, *et al.*,

     Defendants-Appellees.

No. 23-304 (Con)

**REPLY OF PLAINTIFFS-APPELLANTS IN SUPPORT OF MOTION TO DESIGNATE THE FEDERAL RESERVE BANK OF NEW YORK AS APPELLEE**

## CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rule of Appellate Procedure 26.1, Appellants in *Federal Insurance Co., et al. v. Al Qaida, et al.,* 2d Cir. Docket No. 23-346, certify as follows:

Appellants Federal Insurance Company, Pacific Indemnity Company, Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Chubb Insurance Company of Canada, Chubb Insurance Company of New Jersey, Great Northern Insurance Company, and Vigilant Insurance Company are members of the Chubb Group of Insurance Companies. Chubb Limited is the ultimate parent of these subsidiaries and the only entity within the Chubb Group of Insurance Companies that is traded on any public exchange. Chubb Limited trades on the New York Stock Exchange under the symbol CB. No publicly held corporation owns 10% or more of the stock of Chubb Limited.

Appellant TIG Insurance Company is a member of the Fairfax Financial Group. Appellant's parent organization, Fairfax Financial Holdings Ltd., a publicly traded company, owns more than 10% of their stock.

Pursuant to Rule 27(a)(4) of the Federal Rules of Appellate Procedure, the appellants in the above-captioned appeals ("Appellants") submit this reply in response to the April 10, 2023 opposition ("Opp.," Dkt. 68) of the Federal Reserve Bank of New York ("FRBNY") to their March 31, 2023 motion to designate the FRBNY as the appellee in these consolidated cases ("Mot.," Dkt. 50).

## PRELIMINARY STATEMENT

As the Federal Reserve Bank of New York readily acknowledges, it is in possession of the blocked assets of Da Afghanistan Bank ("DAB") that Appellants seek in these proceedings. Opp. at 7. Each group of Appellants has judgments against the Taliban, which wholly controls DAB. To enforce and satisfy those judgments, each group of Appellants, consistent with New York and federal law, initiated proceedings in the district court against the FRBNY seeking an order compelling the FRBNY to turn DAB's blocked assets over to them. Although the FRBNY was not a party to the underlying litigation that gave rise to Appellants' judgments against the Taliban, the FRBNY *was* a proper party to the turnover proceedings that followed. Indeed, because the FRBNY is the party in actual possession of the assets Appellants seek and the named target of their turnover motions, had Appellants prevailed in the district court, the result would have been an "outright judgment" running against the FRBNY. *See* D. Siegel, N.Y. Prac. § 510 (6th ed. 2022).

By seeking the FRBNY's designation as appellee, Appellants are not asking the Court to require the FRBNY to assert any position, file any brief, or participate in any other way. Appellants appreciate that the FRBNY desires to remain optically neutral, just as it did by not taking any position in the district court. But the FRBNY's desire for neutrality does not change the legal reality that New York judgment enforcement law makes the FRBNY the garnishee, the party against whom Appellants were statutorily required to bring their turnover actions, and the party from whom Appellants did, in fact, seek turnover of DAB's assets in the district court.

The FRBNY's opposition attempts to complicate these simple realities, conflating the procedural question of whether it was the legal target of Appellants' enforcement proceedings (which it does not dispute) with the ultimate merits questions, *i.e.*, whether Appellants are entitled to execute on DAB's assets in possession of the FRBNY to satisfy their judgments against the Taliban. Regardless of whether Appellants ultimately prevail on that question—a question a panel of this Court will address in due course—it is plain that Appellants have sought turnover judgments against the FRBNY and are appealing from the denials of their motions for those judgments. For these reasons, the FRBNY should be designated as an appellee.

2

## ARGUMENT

### I. The FRBNY Was the Party Against Whom Appellants Sought Relief Below and Continue to Seek Relief Here

The FRBNY agrees that Appellants "filed motions for turnover against the New York Fed as 'garnishee' seeking to satisfy their judgments with assets held by DAB in its accounts at the New York Fed." Opp. at 4. That simple fact is dispositive of this motion. Appellants seek a judgment that would compel the FRBNY to turn over assets in its possession belonging to DAB. The FRBNY was the party against whom Appellants sought relief below, and the FRBNY is the party against whom Appellants seek relief here. At every stage, Appellants' turnover motions named the FRBNY as the target of their judgment enforcement proceedings, as required by New York law. *See* Mot. at 3-4, n.1.

In New York, proceedings to enforce judgments by executing against assets held by third parties are initiated pursuant to N.Y. C.P.L.R. § 5225(b). As this Court has observed, "Section 5225(b) enables a judgment creditor to commence a 'special proceeding' against a third party"—known as a garnishee—"who 'is in possession or custody of money or other personal property' in which the judgment debtor has an interest." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018); *see also* N.Y. C.P.L.R. § 105(i) (a garnishee is "a person other than the judgment debtor who has property in his possession or custody in which a judgment

3

debtor has an interest.").[1] Consistent with Fed. R. Civ. P. 69(a)(1), terror victims regularly employ these state-law procedures when bringing claims under Section 201(a) of the Terrorism Risk Insurance Act ("TRIA"), which permits such victims to satisfy any "judgment against a terrorist party" with "the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party)." *See, e.g., Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 26 (S.D.N.Y. 2015).

That is precisely what happened here. It is irrelevant that the FRBNY "took no position with respect to the merits of the . . . turnover motions" in the district court. Opp. at 4. As previously noted, *see* Mot. at 6, a party's status in a case does not hinge on the substance of the positions it asserts—or does not assert. By the FRBNY's logic, a defaulting defendant who does not appear to defend against a lawsuit could not properly be characterized as a defendant. Nor would it matter if the FRBNY chose not to participate in these appeals, which is not an uncommon occurrence in this Court. *See, e.g., Iron Workers Dist. Council of W. New York & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68

---

[1] As Appellants have observed (and the FRBNY ignores), Appellants could have sought the identical relief by filing standalone turnover actions naming the FRBNY as the defendant. *See* Mot. at 4. Instead, they opted to follow the more efficient procedure expressly endorsed by this court in *CSX Transp.*, and sought turnover from the FRBNY by way of motions filed in the actions that gave rise to the underlying judgments.

4

F.3d 1502, 1505 (2d Cir. 1995) (defendant-appellee "did not file a brief or participate in the oral argument of the appeal"); *Gustavia Home LLC v. VVS1 Corp.*, 805 F. App'x 82 (2d Cir. 2020) (same).

In short, as the third party "in possession or custody" of the assets Appellants seek to execute on, *see* N.Y. C.P.L.R. § 5225(b), the FRBNY was the named target of the turnover motions below and is the appellee to these appeals, regardless of whether it chooses to participate in them.

## II. The FRBNY's Opposition Conflates Its Role in These Proceedings With the Ultimate Merits Questions

Seeking to resist this conclusion, the FRBNY argues that it is not yet properly characterized as a garnishee-appellee because Appellants "have not established any legal right to use [the] DAB Funds to satisfy their judgments against the judgment debtors." Opp. 10; *see also id*. at 7 (noting that while the FRBNY holds the assets of DAB, it does not hold the assets of any judgment debtors, such as the Taliban). But whether DAB's assets are ultimately subject to execution in satisfaction of Appellants' judgments against the Taliban is precisely the question in this case.[2]

---

[2] In denying Appellants' turnover motions, the district court held that (1) it lacked jurisdiction over DAB under the Foreign Sovereign Immunities Act; and (2) it was restrained by the President's constitutional recognition authority from finding that DAB is an "agency or instrumentality" of the Taliban under Section 201(a) of TRIA. *See* Dkt. 2.

The FRBNY cites Appellants' amicus brief in *Bushnell v. the Islamic Emirate of Afghanistan*, No. 22-CV-8901-JSR (S.D.N.Y. March 28, 2023), ECF 44, as

This Court ultimately will be required to resolve that question in this appeal—but it is irrelevant to this motion. Just as a defendant cannot avoid being labeled as a defendant by asserting that a plaintiff's claims should be dismissed, an appellee cannot avoid being designated as an appellee by asserting that an appeal lacks merit. For purposes of this motion, all that matters are the undisputed facts that the FRBNY holds the assets that Appellants seek in satisfaction of their judgments, that Section 5225(b) makes the FRBNY the statutory target of Appellants turnover motions, and that Appellants named the FRBNY as a defendant-garnishee in their turnover proceedings below. It would be nonsensical to require a turnover movant to *prevail* on its motion before the proper target of that motion can be determined, as the FRBNY seems to assert.

In any event, the FRBNY is incorrect that it is not "accurately characterized as garnishee with respect to the DAB Funds." Opp. at 9. The FRBNY suggests that it is not currently a garnishee for purposes of this Section 5225(b) proceeding

---

demonstrating that Appellants "agree" that DAB is a presumptively immune foreign state. This is inaccurate. *Bushnell* is a pre-judgment action in which plaintiffs seek a judgment against DAB, the Islamic Emirate of Afghanistan, and the Taliban, compensating them for acts of terrorism in the first instance. Appellants filed an *amicus* brief in that case in order to bring to the court's attention the question of whether Afghanistan and DAB are immune from a substantive liability judgment, and to point out the United States' position on those issues, but took no position on that question. *See id*. at 8-11. As the brief explained, even if DAB were a foreign state entity, that would not present an obstacle to Appellants' entitlement to turnover under TRIA in these proceedings. *Id*. at 3.

because it holds only the assets of DAB, not the assets of the judgment debtor (the Taliban). *See* N.Y. C.P.L.R. § 5225(b) (emphasis added) (referring to "property in which *the judgment debtor* has an interest"). But as Appellants argued in the district court, and as they will demonstrate on appeal, DAB is wholly controlled by the Taliban, and is therefore an "agency or instrumentality" of the Taliban within the meaning of Section 201(a) of TRIA. *See Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 135 (2d Cir. 2016), *abrogated on other grounds by Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816 (2018). As a result, Section 201(a) of TRIA provides that "[n]otwithstanding any other provision of law," DAB's blocked assets "shall be subject to execution or attachment in aid of execution in order to satisfy" terrorism judgments against the Taliban. In proceedings to enforce judgments pursuant to TRIA, federal courts in New York have regularly relied on Section 5225(b) as the procedural mechanism to effectuate those executions and found its terms to be satisfied, even where the relevant property interest is directly held by the agency or instrumentality of the judgment debtor, rather than by the judgment debtor itself. *See, e.g.*, *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006) (ordering J.P. Morgan to turn over assets of agencies or instrumentalities of the judgment debtor, Cuba); *Est. of Heiser v. Bank of Tokyo Mitsubishi UFJ, New York Branch*, 919 F. Supp. 2d 411, 421-422 (S.D.N.Y. 2013) (ordering the Bank of Tokyo to turn over assets of agencies or instrumentalities of the judgment debtor, Iran).

Appellants were thus entitled to rely on the procedural mechanisms of Section 5225(b) to enforce their judgments, pursuant to TRIA, against the assets of an agency or instrumentality (DAB) of the judgment debtor (the Taliban) held by a third party (the FRBNY).[3]

To be sure, at this stage, the Court need not consider Appellants' substantive entitlement to execute on DAB's assets, including questions of whether DAB is an agency or instrumentality of the Taliban. For purposes of this motion, it suffices that Appellants followed governing New York law when they proceeded against the FRBNY in the district court on the basis that it held assets which could be used to satisfy their judgments, and that they continue on appeal to pursue a turnover judgment against the FRBNY.

### III. The Motions Panel's Order in *In re Approximately $3.5 Billion* Is Not Controlling and Entirely Distinguishable

Contrary to the FRBNY's argument, the single-sentence order by a motions panel of this Court, declining to add FRBNY as an appellee in a separate appeal, *In re Approximately $3.5 Billion*, No. 22-965 (ECF 57), is inapposite. *See* Mot. at 6-7.[4]

---

[3] Appellants served the FRBNY with their turnover motion papers, and also provided notice to the Taliban and DAB in accordance with Section 5225(b) ("Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested.").

[4] Nor is it controlling, contrary to the FRBNY's characterization of it as "dispositive authority." Opp. at 7. *See* Local Rule 32.1.1(a) ("Rulings by summary order do not

The FRBNY's broad-brush argument that the order in *In re Approximately $3.5 Billion* is dispositive of Appellants' motion simply because it involves an attempt to use the "DAB Funds held at the New York Fed to satisfy claims against the Taliban," Opp. at 8, fails to appreciate the crucial differences between the procedural postures of the two appeals, particularly with respect to the role of the FRBNY.

*In re Approximately $3.5 Billion* is not a judgment enforcement proceeding. The appeal in that matter stems from the dismissal of a class-action complaint that did not seek any relief from the FRBNY nor "bring . . . claims against an[y] individual defendant." Mot. at 6-7, n. 2. Instead, the plaintiffs there—without naming any defendants—sought an *in rem* judgment regarding the distribution of the DAB assets, and then sought to add the FRBNY as a party for the first time on appeal, which a motions panel of this Court denied in a short order without explanation. *See* No. 22-965, Dkt. 57.

By contrast, Appellants here are seeking a turnover judgment *directly against* the FRBNY, and to that end named the FRBNY as the target of their enforcement proceedings in the district court. *See* Mot. at 3-4, n.1. Appellants are appealing from the district court's denial of a Section 5225(b) turnover motion directed against the FRBNY as garnishee of the DAB assets, seeking an "outright judgment" compelling

---

have precedential effect."); *Hassoun v. Searls*, 976 F.3d 121, 134 (2d Cir. 2020) (even in the same appeal, the prior decision of a motions panel is not binding).

the FRBNY to turn over those assets. "Under New York law, when a turnover application is brought under CPLR 5225(b), the creditor is proceeding against a person, in order to 'demand that' this person (the garnishee) 'convert property for money for payment to a creditor.'" *N. Mariana Islands v. Millard*, 845 F. Supp. 2d 579, 583 (S.D.N.Y. 2012) (quoting *Koehler v. Bank of Bermuda Ltd.,* 911 N.E.2d 825, 829 (N.Y. 2009)). In Appellants' turnover proceedings, the FRBNY was and is that person.

As a result, the motions panel's order in *In re Approximately $3.5 Billion* has no relevance to the propriety of the FRBNY's designation as appellee here.

## CONCLUSION

Appellants respectfully request that the Court confirm the FRBNY's designation as "Garnishee-Appellee" in the consolidated *Havlish*, *Doe*, *Federal Insurance*, and *Smith* appeals.

April 17, 2023

Respectfully submitted.

*/s/ Lee Wolosky*
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Ian Heath Gershengorn
Douglass A. Mitchell
JENNER & BLOCK LLP
1099 New York Avenue, NW, Ste. 900
Washington, DC 20001
(202) 639-6000
igershengorn@jenner.com
dmitchell@jenner.com

Andrianna D. Kastanek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 840-7285
akastanek@jenner.com

*Counsel for the Havlish Creditors,*
*Appellants in 23-258*

*/s/ John Thornton*
John Thornton
Orlando do Campo
do Campo & Thornton, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
jt@dandtlaw.com
od@dandtlaw.com

*Counsel for the Doe Creditors, Appellants in 23-263*

*/s/ Sean P. Carter*
Sean P. Carter, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
(215) 665-2105
scarter1@cozen.com

*Counsel for the Federal Insurance Creditors, Appellants in 23-346*

*/s/ Dion G. Rassias*
Dion G. Rassias
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000

*Counsel for the Smith Creditors, Appellants in 23-304*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(C) because it contains 2,484 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

I further certify that this document complies with Fed. R. App. P. 27(d)(1)(E), because it complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This document has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

/s/ Lee Wolosky