# SHER TREMONTE LLP

May 15, 2023

**BY ECF**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

> Re: ***Havlish v. Bin-Laden*, Case No. 23-258(L), *Ashton v. Al Qaeda Islamic*, Case No. 23-444(Con)**

Dear Ms. Wolfe:

We represent appellants in Case No. 23-444 (the "Ashton Plaintiffs-Appellants"), whose appeal is consolidated under lead Case No. 23-258 (the combined "Joint Creditors' Appeals"). We write (i) to join the stay motion previously filed by appellants in the Joint Creditors' Appeals, 23-258, Dkt. No. 25 (the "Stay Motion"), and (ii) to advise the Court that we take no position on the motion to designate the Federal Reserve Bank of New York (the "FRBNY") as an appellee in the Joint Creditors' Appeals, 23-258, Dkt. No. 50.

With respect to the Stay Motion, the Ashton Plaintiffs-Appellants and Joint Creditors are similarly situated in that they each are pursuing the same pool of approximately $3.5 billion in blocked assets held at the FRBNY by Da Afghanistan Bank ("DAB"). The Ashton Plaintiffs-Appellants have judgments against the Taliban, which, having taken over Afghanistan in August of 2021, currently controls DAB. The Ashton Plaintiffs-Appellants moved the district court for an order of attachment against the DAB assets, *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (S.D.N.Y.), Dkt. Nos. 8412-415, based on their contention that pursuant to § 201 of the Terrorism Risk Insurance Act of 2002, DAB is an agency and instrumentality of the Taliban. The Joint Creditors previously had moved for turnover of the DAB assets on similar grounds. *See, e.g.*, *id.*, Dkt. Nos. 7763-766. On February 21, 2023, the district court issued an order (the "Order") denying both the attachment and turnover motions on the grounds that, pursuant to the Foreign Sovereign Immunities Act (the "FSIA"), DAB, as an instrumentality of a foreign state, enjoys presumptive immunities from jurisdiction and execution of its property. *Id.*, Dkt. No. 8866. The consolidated appeals challenge the February 21, 2023 order.

On March 6, 2023, the Joint Creditors moved for a stay of the February 21, 2023 order pending the Joint Creditors' Appeals. 23-258, Dkt. No. 25. The requested stay would simply "preserve a complex status quo" in the district court and preserve the DAB assets' potential availability should this Court determine that the district court erred. *See* Stay Mot. At 2. The Ashton Plaintiffs-Appellants join the Joint Creditors' Stay Motion and are likewise entitled to a stay because (1) the appeal is likely to succeed on the merits; (2) the

Catherine O'Hagan Wolfe
May 15, 2023
Page 2

applicants will be irreparably harmed absent a stay; (3) a stay would not substantially injure other parties; and (4) a stay is in the public interest. *United States v. Grote*, 961 F.3d 105, 122-23 (2d Cir. 2020).

*First*, the Ashton Plaintiffs-Appellants' appeal is likely to succeed on the merits for substantially the same reasons the Joint Creditors' Appeals are likely to succeed. *See* Joint Creditors' Stay Mot. At 11-17. Contrary to the district court's decision, under New York law, the district court has jurisdiction over the FRBNY, which possess the DAB assets and does not enjoy immunity from jurisdiction pursuant to the FSIA. *Id.* At 13. And a determination that DAB is an agency or instrumentality of the Taliban would not intrude on Executive Branch authority. *Id.* At 15-17. *Second*, the Ashton Plaintiffs-Appellants would also be irreparably harmed absent a stay. They hold judgments against the Taliban and seek to restrain the DAB assets in connection with enforcing those judgments. During the pendency of these appeals, other parties proceeding in other courts may seek to execute on or otherwise restrain the DAB assets, dissipating them. Thus, "[a]bsent a stay, the assets may no longer be collectible in the event this Court reverses." *Id.* At 17. *Third*, a stay would cause no "substantial injury to the nonmoving part[ies]." *New York v. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020). Neither the Taliban nor DAB have appeared in the district court despite being on notice of the proceedings. Joint Creditors' Stay Mot. at 19. And a stay would not preclude other claimants to the DAB assets from pursuing their claims; it would merely preserve the status quo in the district court until these appeals are resolved. *Id. Fourth*, the public interest supports a stay. Executive Order No. 14064, which blocked the DAB assets, was intended to give terrorism victims like the Ashton Plaintiffs-Appellants "a full opportunity to have their claims heard in court." 87 Fed. Reg. 8391. A stay would preserve their ability to do so should this Court ultimately reverse the February 21, 2023 order and remand for further proceedings. *See* Joint Creditors' Stay Mot. at 20-21.

Accordingly, for the foregoing reasons and those articulated in the Joint Creditors' Stay Motion, this Court should stay the district court's Order during the pendency of this appeal. As noted, with respect to the designation of appellees, the Ashton Plaintiffs-Appellants take no position.

Respectfully submitted,

*/s/ Noam Biale*

Noam Biale

*Attorneys for the Ashton Plaintiffs-Appellants*