December 2, 2024

**VIA CM/ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re**: ***Havlish v. Bin Laden*, No. 23-258(L), 23-263(CON), 23-304(CON), 23-346(CON), 23-444(CON)**

**Rule 28(j) Letter re: Afghanistan's statehood**

Dear Ms. Wolfe:

We write on behalf of Mr. Faiq concerning Afghanistan's statehood—specifically, whether Afghanistan still qualifies as a "foreign state" within the meaning of the FSIA, an issue that first arose in these appeals at oral argument. Mr. Faiq writes to inform the Court that Joint Creditors have already taken the considered and correct position that Afghanistan remains a "foreign state," in *Bushnell v. Islamic Emirate of Afghanistan*, No. 22-CV-8901-JSR (S.D.N.Y.).

*Bushnell* is a suit against (*inter alia*) Da Afghanistan Bank (DAB) on behalf of more than 5,000 terrorism victims, who allege that DAB is a "private bank." Concerned that *Bushnell* would complicate their own efforts to obtain Afghanistan's reserves, Joint Creditors filed an amicus brief to ensure Judge Rakoff was aware of DAB's sovereign immunity by virtue of it being the central bank of the foreign state of Afghanistan. In their brief (attached), the four Joint Creditors argued at length that "DAB remains the Central Bank of Afghanistan after the Taliban takeover," and that "[t]he state of Afghanistan—regardless of what name it is given, and regardless of whether its current government garners any international recognition—remains a foreign state within the meaning of the Foreign Sovereign Immunities Act." Br. 7, 9 (footnote omitted); *id.* 7-8 ("Despite not having a recognized government, Afghanistan meets all

the international law requirements for a state"); *accord* Restatement (Third) of Foreign Relations Law § 201 (1987), Reporters' Notes (noting, *inter alia*, that United Nations' membership is acknowledgment of statehood and that statehood endures "insurrection," "anarchic" internal affairs, and "[m]ilitary occupation"); *cf. Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 47 (2d Cir. 1991); *Ungar v. PLO*, 402 F.3d 274, 284 (1st Cir. 2005). Largely relying on those arguments, Judge Rakoff stayed *Bushnell* as to DAB pending resolution of these appeals and those being heard in tandem. 2023 WL 3569776, *1 (May 18, 2023).

Mr. Faiq reiterates his deepest sympathy for the American victims of the Taliban, his appreciation for the United States' commitment to the rule of law, and his willingness to assist the Court.

Respectfully submitted,

*/s/ Natasha Arnpriester*
Natasha Arnpriester
James A. Goldston*
A. Azure Wheeler
Open Society Justice Initiative
224 West 57th Street
New York, NY 10019

* *Application for admission pending*

*/s/ Justin B. Cox*
Justin B. Cox
Law Office of Justin B. Cox
P.O. Box 1106
Hood River, OR 97031

*Counsel for Amicus Curiae*